(57 App. Div. 179.)

### PEOPLE ex rel. BAXTER v. BAXTER.

(Supreme Court, Appellate Division, Second Department.   January 25, 1901.)

HABEAS CORPUS—PROCEEDINGS—RETURN—SUFFICIENCY

    Under Code Civ. Proc. § 2026, requiring the person on whom a writ of habeas corpus is served to state unequivocally in the return "whether or not, at the time when the writ was served, or at any time theretofore or thereafter, he had in his custody, or under his power or restraint, the person for whose benefit the writ was issued," a return showing that the person for whose benefit the writ was issued is not restrained of his liberty, if not traversed, is sufficient to authorize a dismissal of the proceedings.

Appeal from special term.

Habeas corpus proceedings by the people of the state of New York, on the relation of Elizabeth Baxter, against Alfred T. Baxter.   From an order dismissing the proceedings, the relator appeals.   Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

Edward W. Brenen, for appellant.
F. E. Dana, for respondent.

WOODWARD, J.   The relator is the wife of one Charles H. Baxter, who was alleged to have been restrained of his liberty within the state of New York by his brother Alfred T. Baxter.   The writ, which is directed to Alfred T. Baxter, commands "that you have the body of Charles H. Baxter, by you within the state of New York restrained of his liberty, as is said, together with the time and true cause or pretense of such restraint," before a justice of the supreme court at chambers on the 26th day of November, 1900.   The defendant, making return to the writ, says "that the said Charles H. Baxter is not restrained of his liberty by this deponent, nor under the control of this defendant; that said Charles H. Baxter is now in Nichols, Tioga county, where he went of his own free will, to secure a residence, after he was told by his wife to go away and not return until he could provide her a home, as he informed deponent; that defendant went up to Nichols, and saw Charles H. Baxter, November 22, 1900, and told him that he (defendant) had been required by this court to produce him in court November 26, 1900, and requested him to come back with him, and offered to pay his expenses, but said Charles H. Baxter absolutely refused to come."   This statement by the defendant was supported by the affidavits of Charles H. Baxter and two other persons, and upon the hearing, the return not having

been traversed, an order was directed dismissing the writ. Appeal comes to this court from that order.

The appellant urges that it was obligatory and compulsory for the justice to whom the return was made to forthwith issue a warrant of attachment for the apprehension of Alfred T. Baxter, and to bring him before the justice, "because the return does not state plainly and unequivocally whether or not, at the time when the writ was served, or at any time theretofore or thereafter, he had in his custody, or under his power or restraint, the person for whose relief the writ was issued." The position of the relator seems to be that it was necessary, under the provisions of subdivision 1 of section 2026 of the Code of Civil Procedure, to state, in the language of the statute, "whether or not, at the time when the writ was served, or at any time theretofore or thereafter, he had in his custody, or under his power or restraint, the person for whose relief the writ was issued"; but we are of opinion that the law is fully satisfied when the defendant has placed before the court facts from which it may properly determine that the person is not restrained of his liberty. The facts which are alleged in the return, the affidavits being made a part of the same, show that Charles H. Baxter is not only not in the custody or control of the respondent, but that he has not been in the custody or control of the respondent or any other person, and the return, not being traversed or contradicted in any manner, must be taken as true. 9 Enc. Pl. & Prac. 1041, and authorities there cited. Charles H. Baxter not having been deprived of his liberty, the court is without jurisdiction to issue a warrant of attachment, which is intended merely as an aid to the court in rendering the writ effectual. The respondent has made return to the writ in good faith, and an attachment should never be granted except in those cases in which the court is satisfied that the respondent has been willfully disobedient or in contempt. 9 Enc. Pl. & Prac. 1034, and authorities there cited. In re Lampert, 21 Hun, 154; is sufficient authority for holding that the order in the present matter should be affirmed.

The order appealed from should be affirmed, with costs. All concur.